C.I.T. CORPORATION, Plaintiff,

v.

Dale FEATHERSTONE, d/b/a Warson Cleaners, Defendant.

No. 64 C 366(2).

United States District Court
E. D. Missouri, E. D.
March 16, 1965.
On Motion for Judgment Notwithstanding Memorandum
April 21, 1965.

Myron Gollub, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiff.

John J. Relles and Norman Zaltsman, Clayton, Mo., for defendant.

MEREDITH, District Judge.

This matter is pending upon plaintiff's motion for partial summary judgment. Plaintiff is a corporation under the laws of the State of New York, with its principal place of business in New York and de-

fendant is a citizen of the State of Missouri, and the amount in controversy exceeds $10,000. This Court has jurisdiction.

On July 7, 1960, defendant entered into an equipment lease in the total amount of $43,757.85 with The Prosperity Company, Division of Ward Industries Corporation, wherein said company was the lessor and defendant was the lessee of said laundry and dry-cleaning equipment. Defendant made a down payment of $746.85 and in addition to the down payment he made payments in excess of $27,000. The payments were due monthly for a term of 60 months, commencing on September 15, 1960. On August 26, 1960, The Prosperity Company, Division of Ward Industries Corporation, assigned this lease to the plaintiff C.I.T. Corporation. On November 2, 1960, the defendant signed a written instrument in which he certified that the laundry and dry-cleaning equipment described in the lease had been furnished to him, that delivery and installation had been fully completed and that it had been accepted by the defendant as satisfactory.

Along with the lease agreement, the lessor furnished to the defendant an equipment warranty on the laundry and dry-cleaning equipment. The warranty was given and accepted in lieu of all other warranties expressed or implied. By the warranty it was agreed that the laundry and dry-cleaning equipment would be free from defective material and workmanship for a period of one year and that the lessor would furnish a new part in replacement of any part which was found to be defective as a result of materials or workmanship. Defendant has not shown there were any defective parts or that he requested any be replaced.

Plaintiff made demand on defendant for payment of the balance due in the amount of $14,580 on May 21, 1964.

Defendant pleads as a defense that there is a failure of consideration in said agreement. The motion for summary judgment was submitted on the affidavits of plaintiff, the deposition of defendant and exhibits attached thereto. There are no material facts in dispute.

Taking all of defendant's facts in their most favorable light, the defendant's defense of failure of consideration is that he was led to believe when he leased the equipment that it was the Cadillac of machinery, there would be considerable savings insofar as labor was concerned because the machinery was all automatic, there would be less maintenance, there would be no service problems and that he would be able to clean twice as many clothes out of a gallon of solvent as he had with his old machinery. According to the defendant none of this was true and as a matter of fact the machinery has been a general headache from the day it was installed.

The machinery was installed in August 1960. Defendant states he made a complaint to the district sales manager of The Prosperity Company, Division of Ward Industries Corporation, in the fall of 1960 and made other complaints through 1961. Defendant states these complaints were made only by telephone to the district sales manager, who was in Newark or Syracuse. He states that in April 1963 he saw the district sales manager at a convention in Chicago, and again made a complaint to him. This individual is no longer employed by lessor.

■ Assuming all of these facts to be true, the defendant is limited in his warranty to the terms of the equipment warranty, which provides only for replacement of defective parts for a period of one year. See Mitchell v. Rudasill, Mo. App., 332 S.W.2d 91, 87 A.L.R.2d 1309 (St.L.C.A.1960).

■ The record shows in spite of defendant's complaints about the machinery, as shown in the deposition, the defendant continued to make payments to the plaintiff that began December 9, 1960, when he made payments for three months, and each month thereafter through the years 1961, 1962 and until November 15, 1963, and that the equipment in question is still being used by

defendant. The defendant in this case certainly has no more rights against the plaintiff than he would have had against the original lessor of the equipment, and the terms of those rights are set out in the lease agreement and in the statement of the equipment warranty. The matters of which the defendant complains are not included within this warranty, and he has no other rights. His signed certificate in November 1960 that the installation had been completed and was accepted as satisfactory on November 2, 1960, and his continuing to make payments through November 15, 1963, is such conduct that this Court is of the opinion that even if he had any rights under the terms of the specific warranty, he has waived them. See Tureen Hotels v. Nachman and Co., 317 S.W.2d 422 (Mo.Sup.1938), and Brandtjen & Kluge v. Burd & Fletcher Co., 239 Mo.App. 268, 192 S.W.2d 651 (K.C.App.1946). Statements of the defendant that the machinery was unsatisfactory from the time it was installed in August 1960, as opposed to his conduct of continued payments, leads this Court to only one conclusion, which is the defendant has no bona fide defense.

The parties have stipulated that the amount due under the terms of the lease is $14,580. Plaintiff is entitled to a judgment against the defendant in that sum. Plaintiff is also entitled to a judgment for reasonable attorney's fees under the terms of the lease. Judgment will be entered for the plaintiff in the sum of $14,580, plus reasonable attorney's fees to be determined by a hearing.

#### On Motion for Judgment Notwithstanding Memorandum.

This matter is pending upon defendant's motion for judgment notwithstanding the previous memorandum entered by the Court and in the alternative for a rehearing. The Court is of the opinion that the defendant's motion for a judgment or a rehearing is without merit.

The matter is also pending upon the plaintiff's motion for attorney's fee. The lease contains the following statement:

" * * * Should any legal proceeding be instituted by Lessor to recover any moneys due and to become due hereunder and/or for possession of the equipment, Lessee shall pay a reasonable sum (15% of the amount sued for if not prohibited by law) as attorney's fees, to be not less than $50."

Plaintiff by its verified motion for attorney's fee showing the amount of time spent, asked for the sum of $2,187 or 15% of the amount due. The Court is further of the opinion that a reasonable attorney's fee is the sum of $1,458 or 10% of the amount due the plaintiff and the same will be included in a judgment.

It is hereby ordered that the defendant's motion for judgment notwithstanding the previous memorandum of the Court or for a rehearing be and the same is overruled.

It is further ordered that plaintiff recover attorney's fee in the sum of $1,458.